## No. 779

### LOSEE, Admr. v. KRIEGER et

#### No. 19957. Supreme Court

225. CHARGE TO JURY—Is it error for a court in its charge to assume any facts as true when the same are in dispute?

This action was brought originally in the Lucas Common Pleas by Frank B. Losee as administrator of the estate of Olive A. Marquardt against Edward H. Krieger personally and as executor of the will of John H. Marquardt.

It appears that Olive Marquardt transferred the property in question to her husband John Marquardt, during her life time and it is this conveyance that Losee is attempting to have declared void on the ground that Olive Marquardt was mentally unbalanced, in support of which certain proceedings of the Probate Court were introduced to show that a guardian had been appointed subsequent to an accident which effected her mind.

The judgment of the Common Pleas in favor of Krieger was affirmed by the Court of Appeals.

Losee in the Supreme Court contends:

1. That the court erred in its charge to the jury by emphasizing that Olive Marquardt had a right to make a disposition of her property.

2. That the court erred in its charge in assuming as facts certain matters which were in dispute concerning whether or not a transfer of the property had been made.

Attorneys—Thatcher and Meek for Losee; Fraser, Hiatt, Wall & Effler for Krieger; all of Toledo.

---

### STERN et v. BEVERLY CO.

#### No. 19983. Supreme Court

On motion to certify. Dock. July 16, 1926; 4 Abs. 493.

1063. SALES—In a suit for breach of warranty in a sale by sample, may defective portions of the merchandise sold be admitted in evidence?

This action was brought originally in the Lucas Common Pleas by The Beverley Company against Adolph Stern and Isadore Ginsberg upon an account.

It appears that the subject of the account was a car load of cots upon which Stern and Ginsberg had received many complaints. The sale hal been made by sample.

The judgment of the Common Pleas in favor of the Company was affirmed by the Court of Appeals.

Plaintiffs in error contend:

1. That the court erred in excluding certain exhibits consisting of defective cots which had been returned.

2. That it is proper to sue for breach of a warranty of fitness rather than to rely upon a suit for failure of the merchandise to conform to the sample.

Attorneys—C. K. Friedman and P. H. Taylor for Stern; Kirkbride, McCabe & Boesel for Company; all of Toledo.

## No. 782

### LEVINSON BROS. CO. v. JACKSON

#### No. 19950. Supreme Court

On motion to certify. Dock. July 5, 1926; 4 Abs. 475.

745. MALICIOUS PROSECUTION—Is it necessary in an action for malicious prosecution by reason of a civil attachment suit that said attachment suit shall have terminated and the attachment discharged?

This action was brought originally in the Hamilton Common Pleas by William Howard Jackson against Levinson Bros. Company for damages by reason of an alleged malicious prosecution.

It appears that the Company brought an attachment suit in a Justice of the Peace Court for $9.98, the grounds of attachment being non-residence. The wages of Jackson were garnisheed and withheld for five days, the claim and costs being paid by Jackson. The petition did not contain an allegation setting out the termination of the attachment suit in favor of Jackson.

The judgment of the Common Pleas in favor of Jackson was affirmed by the Court of Appeals.

The Company in the Supreme Court contends:

1. That the action should have been dismissed because no allegation was made concerning the termination of the attachment suit in favor of Jackson.

2. That defendant made no attempt to attain a discharge of the attachment but paid the amount of the claim and court costs in full.

3. That the ground of attachment, i. e. non-residence, was a fact.

Attorneys—S. M. Johnson and H. Bolsinger for Company; F. P. Woodward for Jackson; all of Cincinnati.